NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| P.G., | : | Civil Action No. 24-7778 (SRC) |
|  | : |  |
| Plaintiff, | : |  |
|  | : | **OPINION** |
| v. | : |  |
|  | : |  |
| COMMISSIONER OF SOCIAL SECURITY, | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff P.G. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning September 24, 2020. A hearing was held before ALJ Thomas Merrill (the "ALJ") on March 13, 2023, and the ALJ issued an unfavorable decision on July 3, 2023. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of July 3, 2023, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform the full range of light work. At step four, the ALJ also found that Plaintiff is able to perform her past relevant work as a service clerk. The ALJ concluded that Plaintiff has not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded with one argument: "The ALJ did not reasonably find that Plaintiff can perform the arduous standing/walking requirements of light work in spite of the effects of her pain." (Pl.'s Br. at 1.) At the outset, the Court notes that Plaintiff has framed the issue in a way that diverges from the fundamental statutory authorization for judicial review in 42 U.S.C. § 405(g): "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." As the Supreme Court has explained:

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. And whatever the meaning of "substantial" in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is "more than a mere scintilla." It means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Biestek v. Berryhill, 587 U.S. 97, 102-03 (2019) (citations omitted). Thus, the question for this Court, reviewing the Commissioner's decision in this case, is whether the determination that Plaintiff can perform the standing and walking requirements of work at the light work exertional level is supported by substantial evidence.

The Regulations define "light work" as follows:

2

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. § 404.1567(b). Light work thus requires the ability to perform "a good deal of walking or standing."

Plaintiff summarizes her relevant medical issues as follows: "Plaintiffs medical history is significant for chronic lumbar radiculopathy following an automobile accident-related injury in which her back was injured, ultimately requiring fusion surgery and the implantation of a spinal cord stimulator." (Pl.'s Br. at 2.) Plaintiff has had a series of surgeries and other treatments for her spinal problems, which the ALJ reviewed in detail in a five-page discussion at step four. (Tr. 29-33.) The last major spinal treatment procedure reported by the ALJ was a transforaminal injection in September of 2022. The ALJ reviewed the subsequent medical records from late 2022, which were the most recent records available at the time of the hearing in March of 2023. (Tr. 33.)

In short, the ALJ found that the medical records from late 2022 did not support finding any limitation to Plaintiff's ability to walk. (Tr. 33.) Plaintiff argues that this determination is not supported by substantial evidence. The Court has reviewed the medical records at issue and agrees with Plaintiff that the ALJ's determination of no impairment to the ability to walk is not supported by substantial evidence. To the contrary, the medical records from late 2022 consistently show limited and problematic ambulation. The notes for Plaintiff's appointment with her surgeon, Dr. Rogers, for follow-up to the transforaminal injection, dated November 7,

3

2022, stated these physical exam results: "Ambulation: limited by weakness with walker postop"[1] and "Flexibility: demonstrates pain upon arisal from sitting to standing."  (Tr. 1352.) The notes for Plaintiff's appointment with her rehabilitation physician, Dr. Fried, dated November 21, 2022, state:

> **History of Present Illness**
> pain
>
> **Review of Systems**
> MUSC/SKEL: Positive for **back pain** and **gait problem**.
> NEURO: Positive for **weakness**.
>
> **Physical Exam**
> MUSCULOSKELETAL:
> Comments: **Patient with pain. Plan in right leg is burning.**
> Right leg sensitive to touch. Walking with rolling walker
> Assessment/Plan
> Patient will trial Lyrica to see if this gives good pain reduction with the fatigue.
>
> **Visit Diagnoses**
> Primary: Encounter for long-term use of opiate analgesic Z79.891
> Chronic bilateral low back pain with right-sided sciatica M54.41, G89.29

(Tr. 1397-98.)   The November, 2022 records from these two medical specialists support finding that Plaintiff has some limitation in her ability to walk.

The ALJ also considered the opinions of various consultants, including the reviewing agency physicians, but all of these opinions predated Plaintiff's series of spinal surgeries and are not relevant evidence of her post-surgical functioning.  (Tr. 33-35.)

After reviewing the evidence, the ALJ stated:

> Additionally, as noted above, primary care treatment notes reflect that she
> presented without noted deficits in spinal range of motion, extremity strength,

---

[1] The evidence of record does not get any clearer than this statement.   Plaintiff's surgeon stated clearly that, as of November, 2022, Plaintiff's ambulation is limited by weakness and that she uses a walker.   The ALJ appears to have overlooked these clear statements.

> gait, or neurological deficits on exams performed in late 2022 (see, e.g., Ex.
> B29F). she was also not observed using an walker at her primary care office since
> October 2022 despite reports of ongoing use of a walker (see, e.g., Ex. B29F).
> Thus, her presentation on physical exams does not support her testimony
> regarding ongoing need for a walker or other assistive device to ambulate. There
> are also no treatment notes indicating that an assistive device is medically
> necessary.

(Tr. 33.)   The ALJ thus relied on the records from the primary care practice to support the determination that Plaintiff's ambulation is not limited and she can walk well enough to perform light work.   The Court finds that those primary care records do not support the ALJ's determination.

When you boil down the ALJ's reasoning based on the primary care records, the ALJ relied on the absence of mention of spinal problems and walking problems in various spots in the primary care records from October through December of 2022.   In short, the ALJ catalogued the places in the primary care records where spinal problems and walking problems were *not* mentioned, but overlooked all the statements in the primary care records that show that the treating professionals documented Plaintiff's spinal problems and walking problems.   The Court will now describe the primary care evidence that the ALJ did not mention.

At the primary care visit on October 21, 2022, under "Review of Systems," the records state: "MUSC/SKEL: Positive for **arthralgias** and **back pain**" and "NEURO: Positive for **weakness** and **numbness**."   (Tr. 1465.)   At that same visit, under "Physical Exam," the records state: "MUSCULOSKELETAL: Comments: **Limited ROM right leg, low back**."   (Tr. 1467.) Under "Assessment," the records list Plaintiff's medical problems and include, "Neuropathic pain of lower extremity, right."   (Tr. 1468.)

At the primary care visit on November 18, 2022, the records show that a diagnosis of

5

"Lumbar radiculopathy" was added.  (Tr. 1495.)  Under "Review of Systems," the records of that visit state: "MUSC/SKEL: Positive for **arthralgias** and **back pain**" and "NEURO: Positive for **weakness** and **numbness (right leg/foot)**."  (Tr. 1512.)

At the primary care visit on December 30, 2022, a diagnosis was added, "Functional gait abnormality, uses walker."  (Tr. 1531.)  Under "History of present illness," the records state, "She is using a walker after her surgery."  (Tr. 1546.)  Under "Review of Systems," the records of that visit state: "MUSC/SKEL: Positive for **arthralgias**, **back pain**, and **gait problem**."  (Tr. 1548.)

The ALJ correctly observed that the notes for the October and November primary care visits do not mention use of a walker.  Nonetheless, the notes from the primary care December visit do mention use of a walker, as do the records for the November visits with Dr. Fried and Dr. Rogers.  The ALJ appears to have concluded that Plaintiff's testimony about needing an assistive device to walk is not supported by the medical evidence, but, as the review of the evidence just conducted reveals, the ALJ overlooked all the evidence of record, described above, that shows clear support for ongoing problems with ambulation and use of an assistive device. The conclusion that there is no basis in the medical records to support Plaintiff's claim that she needs a walker to help her walk is not supported by substantial evidence.

In sum, having reviewed the medical evidence of record, the Court finds that the ALJ overlooked a considerable portion of evidence of Plaintiff's problems with ambulation, choosing instead to draw speculative inferences from omitted content.  The ALJ's determination that, as of the end of 2022, Plaintiff retained the residual functional capacity to do a job requiring "a good deal of walking or standing" is not supported by substantial evidence.  The ALJ

6

overlooked the medical records from late 2022 which consistently indicate that ambulation is painful and difficult for Plaintiff and that she required the use of an assistive device.   This Court finds that the Commissioner's decision is not supported by substantial evidence, and the decision is vacated and remanded for further proceedings in accordance with this Opinion.

     s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: July 9, 2025

7